UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEITH SMEATON** | **CASE NO.  2:86-CV-03333 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALAN NELSON, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a "Motion Seeking Ruling on Timely Filed 59E Motion" filed by plaintiff Keith Smeaton. This matter relates to a civil rights action filed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), by Mr. Smeaton on November 3, 1986. Doc. 1, att. 1. Mr. Smeaton, a British subject, was then a prisoner in the custody of the Bureau of Prisons and had been ordered deported following his convictions of wire fraud and bail jumping. *See* doc. 1, att. 32, pp. 1–2. He alleged that various government actors had violated his right to due process in his criminal conviction and immigration proceedings. Doc. 1, att. 1. Judge Earl E. Veron dismissed the complaint without prejudice on May 13, 1987, adopting the magistrate judge's findings that (1) the substance of Mr. Smeaton's claims had been raised in a habeas corpus petition currently pending before the court and (2) Mr. Smeaton failed to show that he had exhausted available administrative remedies, as required under *Bivens*. Doc. 1, atts. 32 & 34.

On or about May 19, 1987, Mr. Smeaton filed a "Notice of Appeal & Motion Pursuant to Rule 60(b) et seq." in the district court. Doc. 1, att. 35. There he asserted that, contrary to the district court's opinion, he could simultaneously maintain a petition for writ

of habeas corpus and a civil rights action for monetary damages. *Id.* The district court never ruled on this motion. On appeal, the Fifth Circuit noted that the motion should be construed under Rule 59(e) because it had been brought within 30 days of judgment. The panel further advised Mr. Smeaton to seek a ruling on that motion and then file a new notice of appeal in the event that it was denied. Doc. 2, att. 4, pp. 2–3. Rather than complying, Mr. Smeaton waited nearly thirty years and then filed a new motion for relief under Rule 59(e) on October 29, 2015. Doc. 2. It was denied as untimely by Judge Patricia H. Minaldi on June 18, 2016. Doc. 3. Mr. Smeaton appealed the denial to the Fifth Circuit, which affirmed Judge Minaldi's decision. Doc. 15.

Mr. Smeaton now seeks relief by requesting a ruling on his Rule 59(e) motion from 1987. Doc. 18. The court will correct the oversight that resulted in a lack of ruling on the original motion. Relief under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (cleaned up). A "manifest error" justifying relief under Rule 59(e) "is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Pechon v. La. Dep't of Health and Hospitals*, 2009 WL 2046766, at *4 (E.D. La. Jul. 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

Mr. Smeaton's Rule 59(e) motion rested on his contention that, contrary to the district court's opinion, a petitioner can simultaneously maintain a habeas action seeking

relief from custody and a civil rights action based on monetary damages incurred as a result of that allegedly wrongful imprisonment. *See* doc. 1, att. 35.

The proper vehicle for a suit challenging the fact or duration of confinement is habeas corpus rather than a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). When a petitioner challenges his confinement directly through a habeas petition or criminal appeal and collaterally through a civil rights action, the Fifth Circuit has advised that the court stay the civil rights action pending an outcome to the direct attack. *Mackey v. Dickinson*, 47 F.3d 744, 746 (5th Cir. 1995). Nevertheless, a court does not err by dismissing the civil rights claims without prejudice if it is clear that the petitioner's success on the civil rights claims would necessarily implicate the validity of the judgment under direct attack. *E.g.*, *Williams v. Jones*, 2008 WL 2704848, at *10 (W.D. La. May 16, 2008) (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

Smeaton's civil rights claims are predicated on due process violations relating to his immigration proceedings and criminal convictions. Any success on his *Bivens* action would thus call into question his conviction and/or deportation. Accordingly, he shows no manifest error in the dismissal without prejudice of his original action. The Motion for Ruling [doc. 18] is therefore **GRANTED** and the Rule 59(e) Motion [doc. 1, att. 35] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 21st day of April, 2020.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE